UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DESMOND KIBBY  (#468364)

VERSUS                                              CIVIL ACTION

BURL CAIN, ET AL                                    NUMBER 07-732-RET-DLD


## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, _June 17_____, 2008.


_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DESMOND KIBBY  (#468364)

VERSUS                                                    CIVIL ACTION

BURL CAIN, ET AL                                  NUMBER 07-732-RET-DLD

MAGISTRATE JUDGE'S REPORT

Before the court is the application of petitioner Desmond Kibby for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner was found guilty of one count second degree murder in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana on April 9, 2003. Petitioner was sentenced to life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence, in the custody of the Louisiana Department of Public Safety and Corrections.

Petitioner's conviction and sentence were affirmed on appeal.  *State of Louisiana v. Desmond Kibby*, 2003-1856 (La. App. 1st Cir. 5/14/04), 874 So.2d 435 .

On May 12, 2005, the petitioner filed an application for post-conviction relief in the Nineteenth Judicial District Court.  On October 18, 2005, the district court denied relief. On June 6, 2006, the petitioner sought review by the First Circuit Court of Appeal.  The court denied review on August 21, 2006. *State of Louisiana v. Desmond Kibby*, 2006-1232 (La. App. 1st Cir. 8/21/06).  Petitioner sought review by the Louisiana Supreme Court on November 6,  2006.   The Louisiana Supreme Court denied review on September 14,

1

2007.  *State of Louisiana ex rel Desmond Kibby v. State*, 2006-2735 (La.9/14/07), 963 So.2d 393.

Petitioner signed his federal habeas corpus application on October 5,  2007 and it was filed on October 10, 2007.

No evidentiary hearing is required.  Petitioner's federal habeas corpus application is untimely.

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus.  The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection. A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D. Tex. 1998).  A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level.  *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

Petitioner's conviction became final on May 28 , 2004.[1]  From the date the

---

[1]  For purposes of § 2244(d)(1)(A), a state conviction becomes final upon the
(continued...)

petitioner's conviction became final until May 12, 2005, the date petitioner filed his application for post-conviction relief, 349 days of the limitation period elapsed. From October 18, 2005, the date the trial court denied review until June 18, 2006, the date the petitioner sought review by the First Circuit Court of Appeal, 212 days of the limitation period elapsed.[2] From August 21, 2006, the date the Louisiana First Circuit Court of Appeal denied review, until November 6, 2006, the date the petitioner sought review by the Louisiana Supreme Court, 46 days of the limitation period elapsed.[3] From September 14, 2007, the date the Louisiana Supreme Court denied review until October 5, 2007, the date the petitioner signed his federal habeas corpus application, 20 days of the limitation period elapsed.

Excluding the time while state post conviction or other collateral review was pending in state court, more than one year (615 days) passed from the effective date of the AEDPA until the date the petitioner filed his federal habeas corpus application. Petitioner's

---

[1](...continued)
conclusion of direct review or the expiration of the time for seeking such review. Petitioner's conviction became final 14 days after his conviction and sentence was affirmed by the First Circuit Court of Appeal on May 14, 2004 and no application for a rehearing was made and no writ of review was sought from the Louisiana Supreme Court. La.C.Cr.P. art. 922(B) and (D).

[2] Between October 18, 2005 and June 18, 2006, 242 days elapsed. However, because the petitioner had 30 days in which to seek writs to the Louisiana First Circuit, that 30 day period was not included when calculating the elapsed limitation period.

[3] Between August 21, 2006, and November 6, 2006, 76 days elapsed. However, because the petitioner had 30 days in which to seek writs to the Louisiana Supreme Court, that 30 day period was not included when calculating the elapsed limitation period.

federal habeas corpus application was not timely filed.[4]

There is no basis in the record for equitable tolling. The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000). The doctrine "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005).

In this case, the petitioner argued that his inability to timely seek writs from the appellate court resulted from his limited access to law books and the delayed assistance by inmate counsel substitutes. However, the record is devoid of any evidence that inmate counsel substitutes interfered with or otherwise delayed the petitioner's access to the courts or that the petitioner's allegedly limited access to law books hindered his ability to seek writs from the appellate court. A review of the petitioner's brief to the appellate court showed that it was not substantively different from the arguments made in the post-conviction relief application. Although the petitioner was ordered to supplement the record

---

[4] In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief. *Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999). A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).

with the entire administrative remedy procedure record which he argued supports his equitable tolling claim,  he failed to respond to the court's order.

The record supports a finding that the petitioner did not diligently pursue habeas corpus relief.  A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling.  *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).

Moreover, even if the entire period between the date the petitioner filed his post-conviction relief application in the district court and the date the Louisiana Supreme Court denied review were considered tolled, the petitioner's federal habeas corpus application would nonetheless be untimely.

### <u>RECOMMENDATION</u>

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, ___June 17___, 2008.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

5